ROBERTSON, Judge
(dissenting).
I respectfully dissent.
The sheriff and his jailer is charged under Alabama law with the care of inmates in his custody. In carrying out this duty, he must exercise a high degree of care to preserve the inmates’ safety until legally relieved of their custody. State ex rel. Attorney General v. Martin, 180 Ala. 458, 61 So. 491 (1913).
In the instant case, the anonymous inmate had been sentenced to life without parole in a state penitentiary and was merely awaiting transfer in the county jail to begin serving such term. Clearly, under the statute (§ 22-11A-17), testing for AIDS will occur and the results will be known to the State Department of Corrections once the inmate is received into that system. However, while awaiting transfer, the care of the inmate was the responsibility of the county sheriff.
The interpretation of this statute requires not only a careful reading of the words but a balancing of the interests of *1319 the parties involved. Clearly, the word “shall” in the first sentence indicates that all persons sentenced may be tested even if merely awaiting transfer if such is in the best interest of preserving the safety of the inmates in the sheriffs care. In order to carry out the statutory duties with which he is charged the sheriff must have access to certain information.
Clearly, here, where an inmate is claiming to have been exposed to AIDS and testimony indicates the inmate was threatening to scratch, bite, claw, or hurt any individual that came into his cell, certain security risks are involved in his care and safety as well as in the care and safety of the other inmates in the facility and the sheriffs security staff. Without the information requested, the sheriff is at the mercy of the inmate, who is already posing security hazards to others. To refuse to allow the sheriff access to information necessary in the care of those inmates in his custody, is to disallow the sheriff the controls necessary to perform the duties with which he is legally charged. While this case involves the very sensitive issue of confidentiality of medical records, it also involves, and cannot be considered without, considerations of security. It is not about compulsory testing, but rather, the necessity of certain information required for the sheriff to carry out statutory charges.